**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ALLEN SWEENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv944-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, Allen Sweeney ("Sweeney") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Sweeney, age 48 at the time of the hearing, completed tenth grade. Sweeney's past

relevant work includes employment as a construction laborer and kitchen helper.[1] Sweeney alleges he became disabled on December 1, 2001 from back pain, blindness in his right eye, knee pain, and hypertension.[2] He did not engage in substantial gainful work activity at any time relevant to his application period.

The ALJ found Sweeney's testimony of disabling pain and functional restriction were disproportionate to the objective evidence, though he was severely impaired by arthritis, status post right knee surgery for meniscal tears and ruptured ligament, hypertension, mild dextroscoliosis of the spine, blindness in the right eye, alcohol abuse, intermittent peripheral neuropathy most likely related to alcohol abuse, and depression.[3] The ALJ also found Sweeney's impairments, including alcohol abuse, meet in severity the criteria in listing 12.09 set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] Excluding alcohol abuse, however, the ALJ found Sweeney retains the residual functional capacity (RFC) to perform light exertional work within specified limits of his mental functions. After a complete review of the record and consideration of testimony by a medical expert, vocational expert (VE), and a psychologist, the ALJ determined Sweeney could not perform his past work, but could work as a blow mold operator, car wash worker, or egg packer.[5] These findings regarding

---

[1] R. at 39, 924-25.

[2] R. at 36, 925-26.

[3] R. at 36, 40.

[4] R. at 40.

[5] R. at 41.

3

Sweeney's ability to work rendered him ineligible for disability benefits under the Act.

### III.  ISSUE

Sweeney raises two issues for judicial review:

1. Whether the ALJ erred in rejecting the opinion of Sweeney's treating physician.

2. Whether the ALJ decision is supported by substantial evidence and whether proper legal standards were applied.

### IV.  DISCUSSION

#### 1.  The ALJ properly evaluated the treating physician's opinion.

Sweeney argues the ALJ erred in rejecting the opinion of his treating orthopedic surgeon, Dr. Tai Q. Chung, regarding the condition of Sweeney's knee. The Commissioner responds Dr. Chung's opinion conflicted with the evidence, and the ALJ had good cause to discredit his conclusions.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ

evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

This issue hinges on the ALJ's review of two documents prepared by Dr. Chung. The first is a progress note of Sweeney's examination by Dr. Chung on May 25, 2004. The examination of Sweeney's knee four months after surgery showed the "right knee feels good overall," with no effusion or tenderness, and 0 to 90 degrees of flexion.[6] On June 10, 2004, Dr. Chung completed a physical assessment form wherein he limited Sweeney to sitting for a total of 2 hours each day, noted significant pain and side effects from medication, and commented Sweeney could only stand for short periods of time with the use of a cane or knee brace.[7] The next month, Dr. Chung's progress note referenced Sweeney's request for an opinion as to his activity restrictions. Dr. Chung restricted Sweeney to standing or walking for no more than 30 minutes of each hour during an 8-hour day, and ruled out kneeling or squatting.[8]

---

[6] R. at 684.

[7] R. at 692-94.

[8] R. at 691.

The ALJ explained he gave little weight to Dr. Chung's opinion because the assessment form prepared in June, 2004 was inconsistent with the May, 2004 findings which reported the knee was "good overall."[9] This positive report on Sweeney's knee was made in the course of a medical progress report, and is supported by examination and inquiry into Sweeney's current condition. The assessment form which reported significant pain and functional limitations was not prepared during the course of treatment, but was simply a check-type form unrelated to ongoing medical care. The ALJ noted that Sweeney's medications in June and July of 2004 did not include any prescription pain medications that would induce the side effects noted in the assessment form.[10] Further, the significant pain and limitations from medicinal side effects referenced in the form are not mentioned in Dr. Chung's treatment notes.

Sweeney argues the ALJ improperly based his rejection of Dr. Chung's opinion on record statements by a registered nurse who found his gait steady with a cane, and noted Sweeney's stated intent of getting a job.[11] The Court's review of these comments does not disturb the ALJ's finding that Dr. Chung's own progress notes from May and July, 2004, conflict with his evaluation in the assessment form completed in June, 2004. Dr. Chung's assessment form is inconsistent with his other, examination based findings, and the ALJ had "good cause" to reject his conclusions of excessive pain and physical limitation. *Phillips*,

---

[9]R. at 35.

[10]R. at 35.

[11]Pl. Br. at 5-6.

357 F.3d at 1240.

The court finds the ALJ did not err in his treatment of Dr. Chung's opinion regarding Sweeney's physical limitations, and substantial evidence in the record supported his decision.

### 2. The record contained substantial evidence for the ALJ to find Sweeney is able to work.

Sweeney argues the record does not contain substantial evidence for the ALJ's conclusion as to his RFC, and subsequent conclusion that he is not disabled under the Act. The Commissioner responds that the record evidence and hearing testimony provided firm support for the ALJ's decision.

Sweeney's challenges to the ALJ's RFC specifically contest (1) the testimony by the medical expert that he was able to perform a range of light work since the alleged onset date of December, 2001, and adoption thereof by the ALJ; (2) the impact of his right-eye blindness on his ability to perform the occupations identified by the VE, and accepted by the ALJ, as within his abilities; and (3) his alleged reliance on a cane or knee brace.[12] A residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite this impairments. 20 C.F.R. § 404.1545(a). *See Lewis,* 125 F.3d at 1440.

The medical expert, Dr. James Anderson, testified Sweeney's pain medications were

---

[12]Pl. Br. at 7-8.

"intermittent, anti-inflammatory, [and] used for the treatment of moderate pain disorder."[13] Anderson opined the condition of Sweeney's back and knees would limit him to light work, and had done so since December, 2001.[14] Sweeney faults this testimony because it did not differentiate between the condition of Sweeney's condition prior to his knee surgery in January, 2004, some two years after the alleged onset date. The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Dr. Anderson's hearing testimony was not challenged in any way by Sweeney's representative.[15] The ALJ was entitled to find, and did so find, that Dr. Anderson's non-examining opinion was supported by clinical findings, was generally consistent with substantial evidence, and deemed credible on the issue of Sweeney's RFC.[16]

Sweeney's claim his poor eyesight renders him unable to perform the occupations identified by the VE. An examination by consulting ophthalmologist, Dr. James Izer, determined Sweeney's left eye had a normal visual field and muscle function, with no binocular vision, and he was a possible candidate for cataract surgery.[17] The ALJ credited Dr. Izer's opinion that Sweeney could not perform work which requires good depth

---

[13] R. at 939.

[14] R. at 939.

[15] R. at 939.

[16] R. at 35.

[17] R. at 31

perception and incorporated this into his decision.[18] The VE specifically stated in response to questioning by Sweeney's representative that the occupations listed as being within Sweeney's ability did not require depth perception.[19] Thus the record shows Sweeney's visual limitations were considered by the ALJ in determining his RFC.

Finally, Sweeney argues his reliance on an assistive device for walking undercuts the ALJ's RFC assessment. Dr. Chung prescribed a knee brace to Sweeney in March, 2005. The prescription does not show Dr. Chung made an independent decision to prescribe a knee brace based on a physical examination of Sweeney. Rather, Dr. Chung merely complied with Sweeney's specific request for a brace, without any medical basis or justification.[20] Sweeney cites the notes written in May, 2005, by a VA treating team which reference his reliance on a cane, and the fact that he "has been declared unemployable due to his blindness."[21] The notes were made during Sweeney's evaluation for admission to a substance abuse treatment program, and do not cite a medical source for the conclusion. At any rate, the Eleventh Circuit has made clear that the disability evaluation process is not bound by the legal conclusions of medical personnel, as opposed to objective medical findings to be weighed in a disability determination. *Lewis, id*. The Court notes the January, 2005, physical examination of Sweeney noted a normal gait with no mention of the need for a cane or

---

[18]R. at 35, 40.

[19]R. at 947.

[20]R. at 895.

[21]R. at 729.

brace.[22]

The Court finds substantial evidence to support the ALJ's decision as to Sweeney's RFC, and consequently, his ability to perform a specified range of light work.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 27th day of June, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[22]R. at 724.